NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRADBERRY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL : <br> SECURITY, : <br> : <br> Defendant. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 99-CV-1351 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by Plaintiff John Bradberry "Plaintiff" for an entry of final judgment and an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, it is the finding of this Court that Plaintiff's motion is **denied**.

I. BACKGROUND

Plaintiff originally filed his Complaint against the Commissioner of Social Security ("the Government") on March 24, 1999. This civil action was assigned to the Honorable Alfred M. Wolin, U.S.D.J. The Government answered the Complaint on June 21, 1999. Plaintiff took no further action. Nearly a year later, on May 25, 2000, the Court issued an Order to Show Cause why this matter should not be dismissed based on Plaintiff's failure to prosecute. On July 18, 2000, the Court ordered the Complaint be dismissed without prejudice, and the case was closed. Subsequently, on August 11, 2000, Judge Wolin signed a consent order reversing and remanding the matter to the Commissioner of Social Security. The case remained closed and inactive until

August 25, 2004, when Plaintiff filed the instant motion for final judgment and attorney's fees.

## II. DISCUSSION

Under EAJA, a prevailing party in a civil action against the United States is entitled to an award of attorney's fees, court costs, and other expenses, unless the position of the United States was substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The prevailing party must submit an application to the court for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).[1]

Plaintiff now attempts to petition this Court for an order of final judgment affirming a decision of the Commissioner of Social Security dated February 26, 2004.[2] Plaintiff asks this Court to assume that the August 11, 2000 remand Order was not a "final judgment" for EAJA purposes and that the Court retained jurisdiction over this action until all post-remand proceedings were completed and the parties returned to the court for entry of a final judgment. If correct, Plaintiff's argument would mean that a final judgment has yet to be entered by the Court, and the thirty day time limit has not expired.

To resolve this issue the Court must decide if and when a final judgment was entered in this action. In <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991), the United States Supreme Court noted that 42 U.S.C. § 405(g) provides for two types of remand by a district court. The first pertains to sentence four of § 405(g), which allows a court to enter "a judgment affirming,

---

[1] A final judgment for purposes of 28 U.S.C. § 2412(d)(1)(B) means "a judgment rendered <u>by a court</u> that terminates the civil action for which EAJA fees may be received." <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 94 (1991)(emphasis added). The rationale here is that the plain language of the statute is clear that only a court of law, and not an administrative agency, may enter a final judgment for purposes of the EAJA. <u>Id</u>. Thus, in the case at hand, only this Court can enter a final judgment.

[2] Plaintiff has not introduced any evidence that the Commissioner of Social Security issued a decision in this matter on February 26, 2004. Plaintiff refers to such decision in its motion but failed to append a copy. When this Court contacted Plaintiff to request a copy, Plaintiff forwarded a decision issued by an Administrative Law Judge on August 27, 2001.

modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing." This type of remand is a final judgment for purposes of filing an application for EAJA fees. 501 U.S. at 101.[3] The second form of remand is governed by sentence six of § 405(g), which allows a court to remand a case based on the discovery of new evidence that was not available at the time of earlier administrative proceedings and a showing of "good cause" for reconsideration of the case. Id. at 98. This type of remand is not a final judgment for purposes of EAJA applications; rather, the judgment is final when the post-remand proceedings are completed, the Secretary returns to the district court, and the district court enters a final order. Id. at 101.[4] A third type of remand also exists, though not found at 42 U.S.C. § 405(g). Both parties may jointly request a remand. Id. at 103. This may be treated as a voluntary dismissal under Fed.R.Civ.P. 41(a). Id.

The instant action clearly was remanded pursuant to sentence four. The August 11, 2000 Order states that the matter is reversed and remanded to the Secretary for further administrative action. Furthermore, the Order not only fails to note that good and sufficient cause had been shown to remand the case for further proceedings so that additional evidence might be introduced, but also states that the matter is dismissed in accordance with the Melkonyan decision. That the language of the Order so closely tracks the words of the Supreme Court in Melkonyan indicates that the dismissal was a final judgment. Given these circumstances, the Order will be construed as a sentence four remand. Therefore, the Order constituted a final

---

[3]This significantly changed the law of the Third Circuit, which previously required the Secretary to return to the district court for entry of a final judgment upon conclusion of all proceedings following any remand, see Brown v. Secretary of Health and Human Services, 747 F.2d 878, 883 (3d Cir.1984).

[4]This holding is consistent with the law of the Third Circuit prior to the Melkonyan decision.

judgment in the action.

Plaintiff's application for EAJA fees was due thirty days after the issuance of this final judgment, or by September 10, 2000. Thus, his application of August 25, 2004, was filed well beyond the thirty-day time limit. As such, Plaintiff's application for EAJA fees is untimely and must be denied.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for entry of final judgment and award of attorney's fees is **denied**. An appropriate Order accompanies this Opinion.

                                                 S/ Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh, U.S.D.J.

Date: May 17, 2005
Original: Clerk's Office
cc: All Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File